THOMAS HERLIHY (SBN 83615)
JOHN T. BURNITE (SBN 162223)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104
Telephone: (415) 951-0535
Facsimile: (415) 391-7808

Attorneys for Defendant
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY

DANIEL A. HOROWITZ (SBN 92400)
Attorney at Law
P.O. Box 1547
Lafayette, CA 94549
Telephone: (510) 444-4888
Facsimile:

Attorneys for Plaintiff
WILMER D. ORIGEL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER D. ORIGEL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendant | Case No.: C05-04633 JCS<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER**<br><br>Date: December 14, 2007<br>Time: 1:30 p.m.<br>Ctrm.: A, 15th Floor |

The parties to the above-entitled action, plaintiff Wilmer Origel ("plaintiff" or "Origel") and defendant The Northwestern Mutual Life Insurance Company ("Northwestern") by and through their respective attorneys of record, jointly submit this updated Case Management Statement.

**1.     Joint Factual Statement and Parties' Respective Legal Contentions.**

Northwestern issued a disability income insurance policy to Origel on June 10, 1993. The policy defines Total Disability as:

> "Until the end of the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation. After the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation and is not gainfully employed in any occupation."

The policy defines Partial Disability as:

> " The Insured is partially disabled when
>
> a. he is unable:
> - to perform one or more of the principal duties of his occupation;
> - to spend as much time at his occupation as he did before the disability started; and
> - he has at least a 20% Loss of Earned Income.

The insured must also provide Proof of Disability, as required by the policy.

Plaintiff made a claim for disability benefits on approximately September 6, 2002. He claimed a total disability from his occupation as a chiropractor since August 1, 2002. Plaintiff's attending physician diagnosed cervical thoracic sprain versus strain upper extremity radiculitis, repetitive use syndrome, and disc protrusions at C5-6, C6-7.

Northwestern conducted a claims investigation to determine whether plaintiff was eligible for total disability benefits. On November 18, 2003, Northwestern notified plaintiff that he was not eligible for disability benefits under the policy. Northwestern explained, among other things, that plaintiff did not satisfy the 90 elimination period under the policy. Plaintiff appealed the claims decision. On April 1, 2004, Northwestern wrote to plaintiff and concluded that the decision to decline his claim for disability benefits was the appropriate decision.

-1-
JOINT CASE MANAGEMNT STATEMENT
CASE NO. C05-04633 JCS

### A.  Northwestern's factual allegations and legal defenses.

Northwestern contends that it properly investigated plaintiff's claim for disability benefits and reasonably determined that plaintiff was not eligible for disability benefits. Therefore, no benefits were payable under the policy. Lack of entitlement to benefits is a defense to Origel's entire complaint.

In addition, with respect to plaintiff's claim for breach of the covenant of good faith and fair dealing, Northwestern contends that its claim determination (plaintiff was not eligible for benefits) was reasonable, made with proper cause, and falls within the genuine dispute doctrine regarding insurance coverage. A finding to this effect disposes both the bad faith and the punitive damage claims. Finally, even if this court or the trier of fact should determine that Northwestern's claim decision was unreasonable, there is no clear and convincing evidence Northwestern made its claim decision with malice, fraud or oppression such that plaintiff might be entitled to seek punitive damages.

### B.  Origel's factual allegations and legal claims.

Origel contends entitlement to benefits under the policy. Origel also contends that Northwestern's decision to not pay plaintiff's claim was without appropriate factual or legal support. Plaintiff further contends that Northwestern's claims decision was done in bad faith.

## 2.  Discovery Status and Proposed Modification to Case Schedule

The parties have exchanged initial disclosures, served and responded to written discovery requests and have produced documents.

As this Court previously has been informed, plaintiff presently is facing criminal charges in an action entitled *The People vs. Origel, et al.* in San Joaquin Superior Court. A preliminary hearing in approximately June 2006. The criminal matter is now set for trial in early February 2008. The actual start date will probably be the second or third week of February 2008. That trial will last about 2-3 months. Among the charges, plaintiff is charged with allegedly submitting a fraudulent disability claim to Northwestern Mutual. If plaintiff is convicted of that, Northwestern is in a good position with respect to this case. On the other hand, an acquittal, although still leaving Northwestern its defenses in this case, would favor to some degree Dr.

1  Origel. Obviously both sides are interested in the outcome of the criminal case and this may
2  ultimately be reflected in a change in the parties' positions with respect to settlement.
3      In addition, some of the deposition and discovery in the civil case, if deferred until after
4  the criminal case, will be informed by that case but at the same time tainted by the fact that the
5  civil work may affect the criminal case.
6      As the criminal case is so close, both sides have agreed that it would make sense to
7  slightly delay the present case to allow the criminal case to resolve.
8      The parties therefore respectfully request that all dates presently set in this matter,
9  including the trial date be continued for approximately 4-5 months. Assuming the Court will
10 take this request on the papers submitted herein, the parties also request that the Case
11 Management Conference set for December 14, 2007 be continued to April 2008.

    Further Case Management Conference on or about April 25, 2008

    Non-expert discovery to be completed by June 27, 2008

    Expert disclosure and exchange of reports by June 27, 2008;

    Completion of expert discovery by July 25, 2008;

    Last Day to File Dispositive motions: July 25, 2008

    ~~Pretrial Conference: October or November 2008~~  To be set.

    ~~Trial: October or November 2008~~  To be set.

    File updated joint case management conference statement by April 18, 2008.

    Respectfully Submitted,

DANIEL A. HOROWITZ

Dated: December ___, 2007    By _____
    Daniel A. Horowitz
    Attorneys for Plaintiff
    WILMER D. ORIGEL

```
 1                                    KELLY, HERLIHY & KLEIN LLP
 2
 3   Dated: December __, 2007          By_____
                                          John T. Burnite
 4                                        Attorneys for Defendant
                                          THE NORTHWESTERN MUTUAL LIFE
 5                                        INSURANCE COMPANY
 6
 7
 8   IT IS SO ORDERED.
 9
10   Date: December  10 , 2007          _____
                                        JOSEPH C. SPERO
11                                      United States Magistrate Judge
12   E:\26196\P20A.doc
```

[Stamp: IT IS SO ORDERED AS MODIFIED / Judge Joseph C. Spero / United States District Court, Northern District of California]